**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| THEODORE TARELL ARNOLD, | : | |
| Plaintiff, | : | |
| VS. | : | |
| Warden MARTY ALLEN, *et al.*, | : | NO. 7:14-CV-86-HL-TQL |
| Defendants. | : | **ORDER & RECOMMENDATION** |

Plaintiff **THEODORE TARELL ARNOLD**, an inmate at Valdosta State Prison ("VSP"), filed this 42 U.S.C. § 1983 lawsuit (Doc. 1).   In compliance with the Court's prior Order (Doc. 6), Plaintiff has submitted a supplement to his complaint (Doc. 7).

The Court previously granted Plaintiff's request to proceed *in forma pauperis* and waived the initial partial filing fee (Doc. 6).  Plaintiff is nevertheless required to pay the full $350.00 filing fee, as is discussed below.   The Clerk of Court is directed to send a copy of this Order and Recommendation to the business manager of VSP.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner

1

complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.   *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a

litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II. BACKGROUND

Plaintiff states that on August 15, 2013, he was accused of assaulting a VSP officer.   On that same day, Plaintiff was allegedly placed in administrative segregation lockdown without a disciplinary report or hearing.   On September 11, 2013, Plaintiff was transferred to the "Tier II" administrative segregation program.

On September 16, 2013, Plaintiff received a disciplinary hearing.   At the hearing, Plaintiff was found guilty based on allegedly insufficient evidence.   Defendant Warden Marty Allen expunged the disciplinary report on October 7, 2013.

Plaintiff complains that, as of July 10, 2014 (the date he filed the supplement to his complaint), he remains in Tier II confinement, even though the disciplinary report against him had long been dismissed.   Apparently the Defendants informed Plaintiff he was being held in Tier II because of "gang affiliation," which Plaintiff disputes.   He contends that the Defendants are keeping him in Tier II as punishment.

Plaintiff alleges that the Defendants continually refuse him outside recreation, library time, and educational opportunities.   He also complains that the conditions in Tier II are unsanitary.

According to Plaintiff, the showers are unclean, he has been denied cleaning materials for his cell as well as unspecified "hygiene" items.

Plaintiff, a black inmate, further contends that "multiple white inmates," whose names Plaintiff does not know, were released early from Tier II.   Plaintiff thus appears to allege an equal protection claim.

Plaintiff sues the following VSP Defendants:   (1) Warden Marty Allen; (2) Unit Manager Anthony Terrell; (3) Deputy Warden Shawn Emmons; and (4) Deputy Warden Calvin Orr.   He allegedly wrote each of the Defendants after the disciplinary report was expunged and requested release from Tier II.   As best the Court can determine, Plaintiff asserts claims for denial of due process, cruel and unusual conditions of confinement, violation of his rights to access the courts, denial of equal protection, and double jeopardy.

## III.   DISCUSSION

### A. Due Process

Plaintiff alleges due process violations as a result of his placement in administrative segregation lockdown without advance notice or a hearing - from August 15, 2013 to September 11, 2013 - and for his continuing confinement in Tier II after his disciplinary report was expunged.

The Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters." *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1990) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).   Therefore, to state a due process claim, a prisoner must allege more than that he was merely transferred to segregation without a hearing.   *See Sandin v. Conner*, 515

U.S. 472, 476 (1995).  The prisoner must also show that the nature of his confinement (*i.e.*, the conditions or duration) gives rise to a protected liberty interest and thus otherwise entitles him to some measure of due process.  ***Id.***

Generally, "[w]hen an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation … or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." ***Earl v. Racine County Jail***, 718 F.3d 689, 691 (7th Cir. 2013).  A relatively short term of segregation will rarely give rise to a prisoner's liberty interest in the absence of exceptionally harsh conditions.  ***Hardaway v. Meyerhoff***, 734 F.3d 740, 743 (7th Cir. 2013).  ***Compare Rodgers v. Singletary***, 142 F.3d 1252, 1253 (11th Cir. 1998) (placement in administrative confinement for two months did not give rise to a protected liberty interest), ***with Wallace v. Hamrick***, 229 F. App'x 827, 830-31 (11th Cir. 2007) (placement in administrative segregation for 28 days without hot water and adequate ventilation while awaiting disciplinary hearing supported due process claim).

Some of the deprivations in Tier II described by Plaintiff are not atypical of the discomforts normally associated with prison life.  Plaintiff had, however, been confined in administrative segregation for close to a year when he filed the supplement and he may remain so confined. While not dispositive of the issue, the duration of a disciplinary confinement is a significant factor in determining whether an atypical hardship exists.  ***See Blackshear v. Woodward***, 2014 WL 2967752 (N.D.N.Y. July 1, 2014).

At this initial screening stage the Court must construe all allegations liberally in favor of

Plaintiff.  In so doing, the Court concludes that Plaintiff may have alleged sufficient facts to support a due process claim.  Further factual and legal development of this claim, including a responsive pleading by the Defendants, is therefore appropriate.  Plaintiff's due process claim shall therefore be allowed to go forward against the named Defendants.

### B.  Eighth Amendment Claims

Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement and to ensure that prisoners receive adequate food, clothing, shelter, and medical care.  *Hudson v. McMillan*, 503 U.S. 1, 8-9 (1992).  The Supreme Court has made it clear, however, that the Constitution requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable.  *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

To prevail on an Eighth Amendment claim, a plaintiff must demonstrate that (1) the deprivation alleged is, from an objective standpoint, "sufficiently serious"; and (2) that prison officials acted with "deliberate indifference," that is, the officials knew of and disregarded an excessive risk to inmate health and safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "A plaintiff seeking to show unconstitutional conditions must clear a 'high bar' by demonstrating '*extreme* deprivations.'" *Ellis v. Pierce County, GA*, 415 F. App'x 215 *1 (11th Cir. Feb. 24, 2011) (quoting *Chandler v. Crosby*, 379 F.3d 1278, 1298 (11th Cir. 2004)).

Plaintiff's summary allegations about denial of outdoor recreation, unclean showers, and denial of hygiene items fail to satisfy the above standard.  Moreover, Plaintiff fails to allege sufficient facts to support liability of the named Defendants under his Eighth Amendment claim.  All of the Defendants are supervisors and Plaintiff does not allege that any of them personally participated in the alleged violations.

"[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." ***Hartley v. Parnell***, 193 F.3d 1263, 1269 (11th Cir.1999) (quotation marks omitted).   A supervisor may be liable only if he:  "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." ***Gross v. White***, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing ***Goebert v. Lee County***, 510 F.3d 1312, 1331 (11th Cir. 2007)).   Plaintiff has not alleged any of the above prerequisites for supervisory liability on the part of the Defendants.   Accordingly, it is hereby **RECOMMENDED** that Plaintiff's Eighth Amendment claims be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.   ***See*** 28 U.S.C. § 636(b)(1).

## C.   *Access to the Courts*

Plaintiff has similarly failed to allege a colorable claim for violation of his right of access to courts.   To state a valid access to courts claim, a section 1983 plaintiff must allege an actual injury.   ***Lewis v. Casey***, 518 U.S. 343, 351 (1996).   An actual injury exists if a direct appeal of conviction, a habeas petition, or a non-frivolous civil rights action was frustrated or impeded.   ***Id.*** at 353-54; ***Bass v. Singletary***, 143 F.3d 1442, 1445 (11th Cir.1998).   A plaintiff must allege "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials." ***Al-Amin v. Smith***, 511 F.3d 1317, 1332 (11th Cir.), ***cert. denied***, 129 S. Ct. 104 (2008) (internal quotes and citations omitted).   Plaintiff does not even

mention in his complaint or supplement a lawsuit for which his access to courts has been impaired. Accordingly, it is hereby **RECOMMENDED** that Plaintiff's access to courts claim be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### D.   *Equal Protection*

Plaintiff similarly alleges that the Defendants violated his right to equal protection because unnamed white inmates were released early from Tier II.   Plaintiff has failed, however, to allege specific facts supporting a valid equal protection claim.   To state a claim for a violation of the Equal Protection Clause, an inmate must allege that other similarly situated inmates received more favorable treatment and that the discriminatory treatment was based on some constitutionally protected interest.   *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001).   Plaintiff makes no allegations regarding the similarity of the white inmates' situations to his own or the reasons the white inmates were released from Tier II and Plaintiff was not. Thus, it is **RECOMMENDED** that Plaintiff's equal protection claim be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

### E.   *Double Jeopardy*

Finally, Plaintiff's summary claim that his placement in Tier II violated the Double Jeopardy Clause is meritless.   The Double Jeopardy Clause is applicable only to criminal

prosecutions and does not apply to prison disciplinary hearings. *Breed v. Jones*, 421 U.S. 519, 528 (1975); *see also Lucero v. Gunter*, 17 F.3d 1347, 1357 (10th Cir. 1994) ("Prison disciplinary hearings are not part of a criminal prosecution and therefore do not implicate double jeopardy concerns.") (*citing Wolff v. McDonnell*, 418 U.S. 539, 556 (1974)).   Accordingly, it is **RECOMMENDED** that Plaintiff's Double Jeopardy Claim be **DISMISSED** for failure to state a claim.

Plaintiff may file written objections to the above recommendations with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN** (**14**) **DAYS** after being served with a copy hereof.   *See* 28 U.S.C. § 636(b)(1).

## IV.   SUMMARY

Plaintiff's due process claims will be allowed to proceed against the four named Defendants, Warden Marty Allen, Unit Manager Anthony Terrell, Deputy Warden Shawn Emmons, and Deputy Warden Calvin Orr.   The undersigned recommends dismissal of all other claims.

It is thus **ORDERED** that service be made upon these four Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.   Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly

advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.   The Defendants shall

10

not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.   **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES

11

OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred twenty (120) days after the beginning of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00.   Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

12

**SO ORDERED AND RECOMMENDED**, this 2nd day of October, 2014.


*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

cr